O’Neall, J.
dissenting. In these cases it seems to me the Court is undertaking to decide by a fixed rule, when in point of fact none ought to exist.
That in general a participation in profits is evidence of partnership, is not ánd never can be denied. The general effect of a contract for a share of the profits realized by a firm, is very well considered, in one of our own cases, Simpson vs. Feltz, (1 McC. Ch. 213.) If to that, resort, had been had in these cases, the plaintiffs might have been spared much of their labors in referring to the almost countless cases which have occurred elsewhere on this subject. It was there held that one, who became a member of a firm, and stipulated to receive one-third *321 part of the profits realized, was a partner, and must before he could have any. thing on account of his share of the profits, suffer to be deducted from the results of the business, the goods (part of the capital) burnt by fire. There could be no doubt in such a case ; for, as Mr. James, the Commissioner, said, “ by the word profits, is meant that which remains after the capital is restored, and all expenses paid.” But notwithstanding the general rule, which I have stated, and which I have always recognized, and of which I have given an instance, that it may be understood, hereafter, that there is at least some knowledge of commercial law beyond the circle in which the argument of the plaintiffs so much loved to revolve, still I think there are many cases to which it cannot rightfully apply, and that the cases before us are of that number.
I agree with Mr. Justice Story (Story on Part. § 49) that' the true rule is, that the agreement and intention of the parties should in all cases govern. The only exception to this rule would be, where parties had held themselves out as partners to the public, or by their conduct had practised a fraud or deceit on others.
In these cases there is nothing which shews that the defendants held themselves out to the public as partners, or that they acted in any way so as to perpetrate a fraud on others. Darby in his examination, said, he never held out his co-defendants as his partners ; he said he told persons, with whom he dealt in New York, that they were his backers, by which he meant, what was true, that they endorsed for him, or advanced for his use.
The facts alluded to in the report were such as from which, in the absence of the agreement, a belief might arise, that the defendants, the Steinmyers, were partners of Darby. But when the agreement is seen, it explains what was before equivocal, and puts an end to all such belief.
It begins by negativing the notion of a partnership, in stating that “ I, John T. Darby, am about to begin business then it proceeds to state, that the Steinmyers have agreed to advance *322 money, endorse his notes, or accept his drafts, from time to time, to an amount not exceeding $5000, and not beyond 1st Sept., 1849 (a little more than two years.) So far, there is nothing like a partnership; it is altogether the recitation by Darby, of the considerations which move him to make the covenants which follow. They (the covenants by Darby) stipulate, in lieu of commissions for advances and endorsements, to give the Stein-myers one-half of the nett profits of his business, deducting from such half, the wages of a clerk. This, it will be remembered, is a contract by one man to pay to others for services and bene-, fits, half of the nett profits of the business (a clothing store.) There is no community in the stock, nor is there any in the profits. There is no such right as would enable the Steinmyers to say we have property or right in the concern, such as will authorize us to take the goods on hand as our own, or sue for and collect the debts. Without a right in one or other of the respects thus stated, I hold there can be no partnership. I refer to Bartlett vs. Jones, (2 Strob. 471) for a practical illustration of the doctrine for which I am contending in this respect.
These cases, too, ought to be tested by a further circumstance ; the defendants did not rely on any partnership rights. They treated their advances to Darby as a debt due by him ; and he so conceded it should be treated, before these debts now in suit were contracted, by confessing to them a judgment for the whole sum advanced.
That neither of the parties intended a partnership is plain,— that no act was done, by which credit was obtained, on the faith that the Steinmyers were partners, is also plain. How then a partnership can be set up, I confess I do not perceive. Compensation for services or advances, when clearly seen to have been intended, may, certainly, be measured and paid for by a share of the profits, without incurring any of the liabilities of partners. Story, in the latter part of section 49, cites from Kent, and approves the distinction here contended for. There, is a distinction between a stipulation for a compensation for labor proportioned to the profits, which does not make a person a part *323 ner, and a stipulation for an interest, in such profits, which entitles the party to an account as a partner.
Under the contract which Darby made, the Steinmyers had no right to an account as partners. They had on it an action of covenant at law, and on shewing the profits made, they would have been entitled to damages, according to the covenant; one-half after deducting the clerk’s hire.
I am now, as I was on the circuit, satisfied, that there was no partnership between the Steinmyers and Darby.